The lightwood which is the subject-matter of this action was legally levied upon and sold to the plaintiff. That sale gave the plaintiff a title to it. The kiln of lightwood could not be delivered and carried away like most other kinds of personal property; it was cumbrous and could only be (306) removed in the manner proposed by the plaintiff. If so, he had a right to remove it in that manner, and the defendant had no right to forbid him. Of course, the plaintiff's right was not impaired by the defendant's threat to sue him if he entered upon his land and removed the lightwood; his physical power to do himself justice still remained. Had that been opposed, then there would have been a conversion. Had the defendant sued the plaintiff for carrying away the lightwood, he could not have recovered, because the plaintiff only did that which the law gave him a right to do, that was, to enter on the defendant's land and carry away property to which he had acquired a title by a purchase under an execution, property which could be removed in no other way. The threat which defendant made was of no legal significance, and ought to have been disregarded by the plaintiff. If the lightwood had been within the defendant's inclosures and admittance had been denied, the case might have been different; but being in the woods and no barrier interposed, the idle threat of defendant could not amount to a conversion, and the rule for a new trial, I think, ought to be made absolute.